1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>JULIE L. JEFFERSON,<br><br>                 Debtor(s). | CASE NO. C25-1317-KKE<br><br>Bankruptcy No. 25-10188-CMA<br><br>ORDER ON MOTION TO DISMISS<br>BANKRUPTCY APPEAL |
| GUY JEFFERSON,<br><br>                 Defendant(s)/Appellant(s),<br>    v.<br><br>JULIE L. JEFFERSON,<br><br>                 Plaintiff(s)/Appellee(s). | |

This case arises from an appeal of a bankruptcy order declining to strip Appellant's lien on Appellee's real property, but holding that the parties' divorce order entered by Kitsap County Court did not create a judgment lien on Appellee's homestead property. Appellee subsequently filed an adversary proceeding to determine the value of Appellant's lien on her property, and Appellant filed the instant appeal. Appellee moved to dismiss the appeal for lack of jurisdiction. Having reviewed the parties' briefing and the record, and having heard oral argument, the Court denies Appellee's motion for the reasons below.

ORDER ON MOTION TO DISMISS BANKRUPTCY APPEAL - 1

## I.    BACKGROUND

On January 24, 2025, Appellee Julie L. Jefferson voluntarily filed for Chapter 13 bankruptcy, and listed her ex-husband, Appellant Guy Jefferson, as a creditor in the action.  *In re Julie Jefferson*, No. 25-bk-10188-CMA, ECF No. 1 at 1, 23, 51 (Bankr. W.D. Wash. 2025). Appellant's creditor status stems from an April 26, 2024 Kitsap County Court "amended final divorce order (dissolution decree)" that awarded him $378,209.00.  *Id.*; *id.*, ECF No. 22 ¶¶ 4–7; *id.*, ECF No. 22-3 (Kitsap County Judgment).  In her amended bankruptcy schedule, Appellee listed assets including a $1,025,000.00 home located at 1620 Harley Lane ("Homestead Property"), and another home, valued at $450,000.00, and located at 1649 Harley Lane ("1649 Property").  *Id.*, ECF No. 33 at 2–3.

On March 28, 2025, Appellee filed a "motion to strip [the] judgment lien" created by the amended final divorce order, requesting the bankruptcy court enter "an order valuing the judgment lien of Appellant at $149,991.00 and requiring Appellant release his judgment lien against [her] real property."  *Id.*, ECF No. 21 at 11; *id.*, ECF No. 22.  In that motion, Appellee asserted that due to superior liens on the two properties, as well as homestead exemptions claimed under Wash. Rev. Code § 6.13.030 as to the Homestead Property, the judgment lien should be valued at $149,991.00.  *Id.*, ECF No. 22 at 3.  The issues the bankruptcy court considered were whether Appellant had a lien on Appellee's real property, the value of such lien, and whether to strip Appellant's lien to the value proposed by Appellee.  On July 2, 2025, the bankruptcy court denied Appellee's motion, and made

> findings of fact and conclusions of law … including without limitation that entry of the AMENDED Final Divorce Order (Dissolution Decree) by the Kitsap County Superior Court on April 26, 2024, did not create a lien in favor of [Appellant] on the [Homestead Property].

*Id.*, ECF No. 87.  At oral argument, the bankruptcy judge held that to create a judgment lien against a homestead property under Washington state law, Appellant needed to record the judgment.  *Id.*, ECF No. 103 at 16–17.  Because Appellant did not record the judgment, the bankruptcy court found that the divorce order did not create a judgment lien on the Homestead Property.  *Id.*  The bankruptcy court left open Appellant's interest in the 1649 Property, which is not a homestead property.  The bankruptcy court also denied Appellee's general request to strip Appellant's lien, explaining that Appellee would need to initiate an adversary proceeding owing to due process concerns and Federal Rule of Bankruptcy Procedure 7001(b).  *Id.*; Fed. R. Bankr. P. 7001(b) (an adversary proceeding is used "to determine the validity, priority, or extent of a lien or other interest in property").

On the same day the bankruptcy court issued its order denying Appellee's motion, Appellee initiated an adversary proceeding against Appellant "to determine the extent of [Appellant's] lien against certain real property of the Debtor[.]" *Id.*, ECF No. 88 at 1.  The adversary proceeding on that issue is ongoing, and currently set for a one-day trial on June 30, 2026.

On July 8, 2025, Appellant timely appealed the bankruptcy court's July 2, 2025 order, and elected to have his appeal heard by a United States District Court under 28 U.S.C. § 158(c)(1).  Dkt. No. 1 at 1–2.  Appellee moved to dismiss the appeal, asserting that this Court lacks jurisdiction.  Dkt. No. 6.  Ten days after Appellee filed her reply on the motion to dismiss, the bankruptcy court confirmed her Chapter 13 bankruptcy plan.  Dkt. No. 19.  Though the motion to dismiss was fully briefed prior to confirmation of the plan, the Court held oral argument afterward.  *See* Dkt. No. 21.  For the reasons detailed below, the Court denies the motion to dismiss.

## II.    ANALYSIS

### A.    Jurisdiction over Bankruptcy Appeals

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by bankruptcy judges "in cases and proceedings." 28 U.S.C. § 158(a). Interlocutory orders are not appealable as of right, but may be reviewed "with leave of the court." *Id.* Thus, the threshold issue is whether the appealed order is final or interlocutory.

In non-bankruptcy civil litigation, a final, appealable decision is one "by which a district court disassociates itself from a case[.]" *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). "This rule reflects the conclusion that permitting piecemeal, prejudgment appeals … undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502 (2015) (citation modified). However, "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Id.* at 501 (citation omitted). Under the Ninth Circuit's pragmatic approach, a bankruptcy order is "final" if it: (1) "resolves and seriously affects substantive rights," and (2) "finally determines the discrete issue to which it is addressed." *In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017). "Orders that determine and affect substantive rights and have the potential to cause irreparable harm to the losing party are immediately appealable so long as they finally determine the discrete issue to which they are addressed." *In re Martech USA, Inc.*, 188 B.R. 847, 849 (B.A.P. 9th Cir. 1995), *aff'd*, 90 F.3d 408 (9th Cir. 1996).

### B.    The Appealed Order is Final.

Appellant argues that, under the Ninth Circuit's pragmatic approach to finality, the bankruptcy court's order is a final order because it precludes him from asserting any interest in the Homestead Property. Dkt. No. 10 at 7–9 (citing *Bonham v. Compton*, 229 F.3d 750, 761 (9th Cir.

2000)).  Appellee counters that the appealed order is interlocutory because, in general, orders stripping liens are not final orders (Dkt. No. 11 at 2–3 (citing *In re Pack*, BAP NV-14-1375-KUDJU, 2015 WL 2343512 (B.A.P. 9th Cir. May 18, 2015[1])), and because the issue of Appellant's interests in the 1649 Property continues to be litigated through the pending adversary proceeding. *Id.* at 3.  The Court agrees with Appellant.

Apart from this appeal, there appears not to be any other opportunity for Appellant to be heard on claims as to the Homestead Property now that the Chapter 13 plan has been confirmed, and the time period in which to appeal confirmation of the plan has run.  Although the adversary proceeding provides an avenue for Appellant to pursue his substantive rights as to the 1649 Property, the equity available in the 1649 Property is less than the total he seeks under the divorce decree.  And in holding Appellant has no lien as to the Homestead Property, the appealed order precludes Appellant from seeking the full amount of the divorce decree award through secured claims on Appellee's real property.  Dkt. No. 10 at 7; *see* Dkt. No. 19-1 at 3, 5 (confirmed Chapter 13 plan providing for payment of $149,991.00 with 8.5% interest to be secured only by the 1649 Property).  Appellee neither contests that the equity available in the 1649 Property is less than the total amount awarded to Appellant under the divorce decree, nor that the adversary proceeding will determine Appellee's rights solely as to that property.  *See* Dkt. No. 11 at 1–4.  On its face, the appealed order therefore finally determines and affects Appellant's substantive rights by limiting his secured claims to a sum of $149,991.00 based on the equity available in the 1649

---

[1] Appellee cites only one in-circuit case, *In re Pack* (9th Cir. B.A.P. May 18, 2015), to support the proposition that bankruptcy courts as a matter of course consider orders on lien stripping motions via appeals from confirmation of a bankruptcy plan.  This argument fails for multiple reasons.  First, this Court is not bound by the decision of a bankruptcy appellate court panel.  *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990) ("BAP decisions cannot bind the district courts themselves.").  Appellee's reliance on *In re Pack* is also misplaced because the bankruptcy appellate panel in fact considered *both* an order on a motion to lien strip and an order confirming the bankruptcy plan.  *See In re Pack*, 2015 WL 2343512, at *1 (Appellant "appeals from the bankruptcy court's order on [Appellee's] motion to 'strip off'" and its "order confirming [Appellee's] chapter 11 plan.").  Finally, Appellee's argument fails for the additional reason that Appellant cannot now appeal the confirmation order.

Property.  Dkt. No. 19-1 at 3, 5.  Although Appellant could file an appeal from the outcome of the adversary proceeding, such an appeal would not reach the substantive rights Appellant asserts through this appeal: namely, whether he may seek the full value of the judgment entered as a result of the divorce decree through payment secured by the Homestead Property.  In sum, the appealed order has the potential to cause Appellant irreparable harm and finally determines the discrete issue of whether he can pursue a secured claim in the Homestead Property.  Thus, the appealed order is final, and the Court has jurisdiction to hear the appeal.

### III.  CONCLUSION

Because the appealed order is final, not interlocutory, the Court DENIES Appellee's motion to dismiss.  Dkt. No. 6.  In line with the Court's prior order continuing the briefing schedule (Dkt. No. 14), Appellee shall file her brief by January 27, 2026; Appellant shall file his reply brief by February 10, 2026.  The Clerk is directed to re-note the appeal for February 10, 2026.

Dated this 13th day of January, 2026.

Kymberly K. Evanson
United States District Judge